UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM F. ENGLEHART, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | C.A. No. 07-11281-RCL |
| | ) | (U.S.C.A. No. 07-2633) |
| PETER PEPE, Warden, | ) | |
| MCI Concord | ) | |
|     Respondent. | ) | |

MEMORANDUM AND ORDER

LINDSAY, D.J.

On August 31, 2007, a Memorandum and Order (#3) issued dismissing the petitioner's habeas petition alleging violations of the Interstate Agreement on Detainers Act ("IADA") by both the Commonwealth of Massachusetts and the State of Rhode Island. On September 24, 2007, petitioner filed a Notice of Appeal (#5). On October 23, 2007, petitioner filed a Motion for Reconsideration of the Denial of Habeas Corpus and a Motion for a Certificate of Appealability (#10). On November 13, 2007, petitioner filed a Motion for Leave to Proceed on Appeal *in forma pauperis* (#14) along with his prison account statement.

DISCUSSION

I.  Motion for Leave to Proceed on Appeal *In Forma Pauperis*

Petitioner's financial disclosures in support of his Motion for Leave to Proceed on Appeal *in forma pauperis* indicate he has no assets or income apart from small monthly family gifts. He has $1.61 in his prison account. Accordingly, the Court finds that petitioner has demonstrated sufficiently that he lacks funds to pay the appellate filing fees, and therefore his Motion for Leave to Proceed on Appeal *in forma pauperis* (#14) is hereby ALLOWED.

II. Motion for Reconsideration

Because this action is currently pending appeal, this Court lacks jurisdiction to rule on

petitioner's motion for reconsideration unless the matter is remanded by the First Circuit Court of Appeals for consideration of relief pursuant to Fed. R. Civ. P. 60(b).

Accordingly, petitioner's Motion for Reconsideration of the Denial of Habeas Corpus (#10) is hereby DENIED.

III.     Motion for Certificate of Appealability

As an initial matter, this Court previously construed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 rather than a petition under 28 U.S.C. § 2254, because the petitioner was not challenging a state conviction or sentence.  The Court recognizes, however, that such construction may represent a minority view.  Other courts have considered that habeas petitions filed by prisoners who are in custody pursuant to a state sentence should be construed as § 2254 petitions (rather than § 2241 petitions), regardless of the underlying grounds for relief.  See Cook v. New York State Div. of Parole, 321 F.3d 274, 277-79 (2nd Cir. 2003) (habeas petition seeking relief from revocation of parole);  accord White v. Lambert, 370 F.3d 1002, 1005-10 (9th Cir. 2004) (habeas petition challenging State of Washington's authority to confine him after transfer to a privately-run prison in Colorado; as matter of first impression, jurisdictional basis for petition was under § 2254, not § 2241); Medberry v. Crosby, 351 F.3d 1049, 1060-62 (11th Cir. 2003) (habeas challenge to prison disciplinary sanctions[1]);  Coady v. Vaughn, 251 F.3d 480, 484-85 (3rd Cir. 2001) (habeas

---

[1] Medberry rejected the petitioner's argument that by construing the petition as one governed under § 2254, "the Court would create the illogical situation where federal prisoners challenge disciplinary proceedings under § 2241, but state prisoners must proceed under § 2254."  Medberry, 351 F.2d at 1061.  The Court stated: "...state prisoners in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but they are limited by § 2254. When a state prisoner's petition falls within the ambit of § 2254, the prisoner is subject to that section's restrictions....The fact that the § 2255 sphere of applicability and restrictions do not parallel those of § 2254 does not make the statutory scheme illogical or

challenge to application of changes in criteria for parole, alleging violations of Ex Post Facto Clause); Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001) (habeas challenge to parole eligibility); Walker v. O'Brien, 216 F.3d 626, 632-33 (7th Cir.), cert. denied sub nom. Hanks v. Finfrock, 531 U.S. 1029 (2000) (federal prisoner habeas challenge to disciplinary sanction resulting in loss of good time credit).  Thus, even where a petitioner is not directly challenging a state conviction or sentence (as here, where the petitioner challenges application of the IADA) the majority view would construe the habeas petition to be one brought under 28 U.S.C. § 2254, with all the attendant restrictions and limitations (such as the limitation period and exhaustion requirements).  In other words, under the majority view, the custodial aspect is the sole litmus test for categorizing state prisoner habeas petitions.  The First Circuit has not addressed this issue expressly.

In directing dismissal of this action, this Court noted that the categorization of this action as a § 2241 petition or a § 2254 petition made no difference to the ultimate conclusion that petitioner failed to state a cognizable habeas claim.  Similarly, with respect to the question of whether a certificate of appealability ("COA") may issue, the categorization of this petition makes no difference.  Under 28 U.S.C. § 2253(c)(1)(A), an appeal may not be taken unless a circuit justice or judge issues a certificate of appealability from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." Id.  Here, petitioner complains his detention arises out of administrative actions taken under the IADA by the prison in transferring him to and from Rhode Island.  It is unclear whether there was any state court process.  Thus, it appears no

---

our statutory interpretation incorrect." Id.

COA is necessary for petitioner to pursue his appeal, and therefore the Motion for a Certificate of Appealability (#10) is hereby DENIED as moot.

Finally, even if this Court treated the petition as one brought under 28 U.S.C. § 2254 and that a COA were required under § 2253(c), this Court would not grant a COA in this case. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 123 S. Ct. 1029 (2003). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller-El, 123 S. Ct at 1040 (internal quotation marks omitted). The "issuance of a COA must not be pro forma or a matter of course" because by enacting the Anti-Terrorism and Effective Death Penalty Act, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id.

Here, petitioner has not made the requisite showing of a denial of a constitutional right, nor has he shown that reasonable jurists would find this Court's assessment debatable or wrong. The only basis asserted by petitioner in support of his request for a COA is that this case presents a "novel" issue. While indeed, petitioner puts forth a novel argument, "novelty" alone is insufficient to obtain a COA; petitioner must still show a denial of any constitutional right. As noted previously by this Court, petitioner's fundamental challenge to his continued custody in the Commonwealth of Massachusetts (*i.e.,* that the Commonwealth relinquished all jurisdiction over him by committing an IADA violation) has been rejected by this Court. The IADA contemplates temporary, not permanent transfers of custody. Cuylre v. Adams, 449 U.S. 433, 436 n.1 (1981) (the IADA establishes procedures for the transfer of temporary custody in connection with the transfer of prisoners from one jurisdiction to

another).   Accordingly, for the reasons previously stated in the Memorandum and Order (#3) and for the reasons stated herein, this Court finds no basis for the grant of a COA.

## CONCLUSION

Based upon the foregoing, it is hereby Ordered that petitioner's Motion for Leave to Proceed on Appeal *in forma pauperis* is ALLOWED;  his Motion for Reconsideration of the Denial of Habeas Corpus (#10) is DENIED;  and his Motion for a Certificate of Appealability (also contained in #10) is DENIED.   The clerk shall transmit a copy of this Memorandum and Order to the First Circuit forthwith.

SO ORDERED.

DATED: November 15, 2007

/s/ Reginald C. Lindsay
UNITED STATES DISTRICT JUDGE